Hitchcock, J.
The only question raised in this case is whether, where a deed is acknowledged before a Notary Public, the acknowledgment is void, unless the same is certified under the official seal of the officer taking the acknowledgment. That such acknowledgment is void, is earnestly insisted upon by the counsel for the defendant, and they base their argument upon the act “ for the appointment of Notaries Public,” which took effect May 1, 1816. (tíwan’s Stat. 601.) The third section of this act provides that “ each Notary shall provide a notarial seal, with which he shall authenticate his official acts,” &c., “ which seal, together with the registers and official documents, shall not be liable to be seized on by execution.” The duties to be performed by the Notary are not by the statute prescribed in express terms, but at the close of the second section it is prescribed that “ due faith and credit shall be given to his protestations, attestations, and other instruments of publication.” Taking the whole act together, it is apparent that the *544 duty to be performed by this officer was like the'duties to be Perf°rm®d by other officers of the same name, in other parts the commercial world. He was to keep a register of his proceedings ; faith and credit were to be given to his protestations, attestations, and other instruments of publication, and all those were to be “ authenticated by his official seal.” There is nothing in this act about the acknowledgment of deeds. This was no part of the duties to be by the Notary performed. By an amendatory act, which took effect February 29, 1836, it is enacted “ that every Notary Public may hereafter demand and receive for every attestation, protestation, or other instrument of publication, under the seal of his office, ’the sum of fifty cents, and no more; and for recording in a book to be kept for that purpose, each attestation, protestation, or other instrument of publication, fifty cents, and not more. This amendatory act, as well as the one to which it is amendatory, shows sufficiently for what purpose the seal was to be used.
We have been referred to two cases in Indiana, one reported 4th Blackford, 185, and the other 6th Blackford, 356, which are supposed to have a bearing upon this case, and to be conclusive to show that this acknowledgment is defective. Those cases were decided under the statute of Indiana, and counsel suppose the statute of that State is like our own, but from the cases referred to, and especially the one in 4th Blackford, I should take them to be materially different. By our statute, heretofore referred to, all the certificates of the Notary, as to the acts therein contemplated to be done, must be under his official seal. But as before said, taking the acknowledgment of a deed is not one of those acts. By that law he had no power to perform any such act.
This power however was conferred upon a Notary Public by the “ act to provide for the proof, acknowledgment, and recording of deeds and other instruments of writing,” which took effect June 1, 1831. (Swan’s Stat. 265.) The first section of this act, after specifying the manner in which a deed shall be executed, by signing, sealing, &c., provides that “such *545 signing and sealing shall be acknowledged by such grantor or grantors, maker or makers, before a Judge of the Supreme Court, or of the Court of Common Pleas, a Justice of the Peace, Notary Public, Mayor, or other presiding officer of ah incorporated town or city; who shall certify such acknowledgment oh the same sheet on which such deed, mortgage or other instrument of writing may be printed or written, and shall subscribe his name to said certificate.” Under this law the acknowledgment of this deed was taken, and to the certificate of acknowledgment the officer taking it did “subscribe his name.” This was all which the law under which he was acting required him to do. I cannot see why we should add any thing to this requisition. If the General Assembly of 1816 had power and saw fit'to declare that a Notary Public should verify certain certificates, which he should make, or all he should make, by his official seal, the General Assembly of 1831 had equal power to declare that in a given case, he might verify a certificate by the mere signature of his name. This has been done in the case of certifying to the acknowledgment of a deed.
The acknowledgment in this case having been certified in conformity to the law under which it was taken, we hold it to be sufficient, and there being no other defence in the case, the complainants may take a decree.'