† WOODBURY, *Petitioner for Mandamus, versus* COUNTY
COMMISSIONERS OF PISCATAQUIS.

Petitions for writs of *mandamus* are addressed to the judicial discretion of
the Court.

And where a person applies for this process to be placed in an office, filled by
an *annual* election, to which he alleges he was duly chosen, but illegally
counted *out*, the writ will be denied.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

PETITION, for a writ of *mandamus* to the Commissioners
of Piscataquis County, to require them to declare C. H. B.
Woodbury, County Treasurer for 1855.

The defendants appeared at the Feb. term, 1855, and
filed a motion that the petition and rule might be dismissed
for these reasons :—

1. That the office of County Treasurer is filled by annual
election, and that this Court will not issue the writ of *man-
damus* in such case.

2. That the incumbent of said office should have been
summoned in, to be heard in this proceeding.

3. That before the writ can be made effective, the next
annual election will have passed by, and the present incum-
bent be out of office or in, by virtue of a new election.

4. That it has become impracticable for the respondents
to declare the petitioner County Treasurer, as one of the
board has ceased to be a County Commissioner.

The petitioner presented the several records of the towns
of the county showing their vote for County Treasurer at
the previous election, as returned to the clerk's office. The
whole number of votes appeared to be 2488, of which the
petitioner had 1373, and Abijah B. Chase had 1115.

The Commissioners of Piscataquis, consisting of Leonard
Howard, Leonara Robinson and John A. Dunning, at a
court when the votes for this office were to be counted, ad-
judged that the whole number of votes, as appeared by the
copies of the lists thereof *legally* returned, was 511, of
which Abijah B. Chase received 258, and the petitioner 253,

and that Chase was elected, who gave a bond which was accepted.

The petitioner appeared before the Commissioners, claimed to be elected and tendered his bond.

The votes of the towns of Brownville, Sebec, Shirley and Guilford were the only ones allowed.

The returns of votes of twelve of the towns rejected, contained some *omissions* in the blank forms for directions to the Commissioners, such as omitting the time or month when their court was to be held.

The votes from one town appeared to be rejected, for not being sealed up at the time of counting, though there was visible a small piece of wafer in the usual place of sealing; from another, because the return was not signed on the inside by the clerk; from another, because the whole number of ballots was not given, and the name of the town at the *bottom* was omitted. It also appeared by the return, that one of them which was counted had a defect similar to many of those rejected, but was said not to have been discovered at the time of the count.

Upon the petition, motion and facts in the case, the Court were to determine the legal rights of the parties.

*Blake* with *Brown*, for defendants, contended, that the judiciary department had no control, or right to interfere with the Commissioners in the performance of their duty in this respect; that this was not a ministerial, but discretionary and *quasi* judicial act, like that of justices under the poor debtor laws.

He further contended that if the writ should issue here, it would be ineffectual, as it was only an annual office. Besides, the one now in office is not made a party to these proceedings, and if this process was finished before another election came round, there would be two treasurers exercising their office at the same time.

In cases of this kind, judicial discretion forbids the granting of the writ. *Howard* v. *Gage*, 6 Mass. 462; 4 Maine, 59.

*J. H. Rice*, for petitioner.

1. The Commissioners wrongfully rejected the returns from seventeen towns, which, if received, would have given the petitioner a majority of 174 votes. R. S., c. 12, § § 2, 3; c. 11, § 3; Const. of Maine, Art. 4, § § 1, 5; *Strong, Pet'r*, 20 Pick. 484.

2. But if not wrongfully rejected, the return from Sebec, which was counted, should have been rejected for the same reasons, which would give the petitioner a majority of 36 votes.

3. The respondents' motion ought not to prevail, as this is a proceeding addressed to the discretion of the Court, and depends on the facts in each case, and not upon preliminary questions alone.

RICE, J. — Petitions for writs of mandamus are addressed to the judicial discretion of the Court. *Proprietors of St. Luke's Church* v. *Slack & als.*, 7 Cush. 227. Such writs will be denied when, if granted, they would be wholly unavailing. *Williams, Pet.*, v. *County Commissioners*, 35 Maine, 345.

County treasurers are elected for one year only. Before any effectual action could be had in this case, if the writ should be granted, the term for which the petitioner claims to have been elected, will have expired. Under similar circumstances, and for this reason, a writ was denied in the case of *Howard* v. *Gage*, 6 Mass. 462.

There were many other reasons presented at the argument, for the consideration of the Court, against granting the writ, but deeming this decisive it becomes unnecessary to examine them. *Writ denied and Petition dismissed.*