STATE ex rel. THOMAS HUGHLETT, Respondent, v. T. A. FINLEY et al., Appellants.

1. **Presumption**: CITY ORDINANCES: ELECTION. In the absence of any specially delegated authority the board of aldermen of a city possess only such powers as are usually exercised by canvassing officers or boards; that is that their authority is limited to an examination of the returns as to their regularity and certification, and that it is their duty to ascertain and declare the result of an election.

2. **Mandamus**: ELECTION. One who receives a plurality of the votes cast at a city election for the office of marshal is clearly entitled to the certificate of election, and is entitled to relief by writ of *mandamus* provided a timely application for said writ is made.

3. **Mandamus**: OFFICE. When the writ of *mandamus* would be fruitless as an aid to obtain an office to which one was elected, it should not be granted.

4. ——: ——. Where the granting of the writ of *mandamus* can have but one effect, that is to encourage the petitioner in future petty litigation for the fees and emolument of the office to which he was elected, it should not be granted.

5. **Mandamus**: PEREMPTORY WRIT. It is incumbent upon the petitioner for a peremptory writ of *mandamus* to show that he is entitled to the performance of all things specified in the alternative writ, and when the petitioner has failed so to do the proceedings should be dismissed.

*Appeal from the Montgomery Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

BASKER & SHACKELFORD for appellants.

Respondent's motion for judgment, notwithstanding appellant's return, to the alternative writ of mandamus, issued by the court against him admits the allegations in said return set forth. State ex rel. v. Neville, 110 Mo. 345. And the cause will be heard in this court, upon the record proper, notwithstanding the fact that there was no motion for new trial or in arrest of judgment filed in the trial court and reverse judgment if erroneous. McIntire v. McIntire, 80 Mo. 470; Childs v. R'y, 117 Mo. 427; Bevin v. Powell, 11 Mo. App. 220; Swaggard v. Hancock, 25 Mo. App. 206; Bagby v. Emberson, 79 Mo. 139; 126 Mo. 213. It is admitted by the pleadings in this case, that at the time the writ of *mandamus* in this case was sued out, the office of marshal in said city of Wellsville was then actually filled by an incumbent exercising the functions of such office, *de facto* at least, under color of right, and hence mandamus is not the proper remedy. Winston v. Mosely, 35 Mo. 146; St. Louis Co. Ct. v. Sparks, 10 Mo. 118; State ex rel. v. May, 106 Mo. 509; State ex rel. v. Gasconade Co., 25 Mo. App. 446, 567. An officer *de facto*, who is, see State v. Douglass, 50 Mo. 593.

CLAUDE R. BALL and JAS. F. BALL for respondent.

*Mandamus* lies to compel the issuance of a certificate of election where same is wrongfully refused. Elisha Storgn Petitioner, 20 Pick. 484; State ex rel. v. Berg, 76 Mo. 146. (2) *Mandamus* is proper remedy to compel issuance of commission to person legally elected to an office where the officers arbitrarily refuse to issue same. State ex rel. v. Berg, 76 Mo. 146; State ex rel. v. Williams, 99 Mo. 291. (3) The board in this matter acted without discretion and have no

judicial functions to perform. State ex rel. v. Albin, 44 Mo. 346.

BLAND, P. J.—The respondent Thomas Hughlett begun this action in the circuit court, by petition for mandamus against T. A. Finley et al., as the board of aldermen of the city of Wellsville, praying that they be compelled to issue to him a certificate of election as marshal of said city, and to receive and approve his bond as such marshal, and to issue him a salary warrant. On trial a peremptory writ was awarded against appellants, requiring them, as the board of aldermen of the city of Wellsville, to issue a certificate of election to Thomas Hughlett as marshal of said city. From this judgment of the court the board of aldermen duly appealed.

It appears from the testimony in the case that at the election held on April 8, 1895, in the city of Wellsville for the election of city officers, Hughlett was elected city marshal, qualified and entered upon the duties of the office, and continued in said office until June 8, 1895, when he was removed from his office for misconduct in office. A special election was ordered to be held on July 30, 1895, to fill the vacancy in the office caused by the removal of Hughlett. This election was duly held and the returns thereof were duly made to the board of aldermen. This body canvassed the returns and found that Thomas Hughlett had received a plurality of votes over any other person who had been voted for at said election. Instead of issuing a certificate of election to Hughlett, the board of aldermen declared Hughlett ineligible to hold the office of city marshal, declared the election void, and ordered a new election to be held on August 20 following. At the August election one J. D. Hart received the greater number of votes and was given a certificate of election by the board of aldermen. He qualified and entered

upon the duties of the office, and was in the office when this proceeding was commenced on August 10, 1896. No ordinance or ordinances of the city of Wellsville giving the board of aldermen authority or power as a canvassing board to pass upon the eligibility of candidates for marshal voted for at a city election, were offered in evidence, and we must assume, in the absence of any specially delegated authority that they possessed only such powers as are usually exercised by canvassing officers or boards; that is that their authority was limited to an examination of the returns as to their regularity and certification, and that it was their duty to ascertain and declare the result of the election. With this limitation upon their duties, the action of the board in declaring Hughlett ineligible to hold the office of city marshal was without authority and void. He was clearly entitled to the certificate of election, and had he made a timely application for the relief he now asks, would have been clearly entitled to it also, but he stood by for more than a year, saw another election held, and another person commissioned and qualified to fill the office and in the actual discharge of the duties of the office, before he made complaint. The peremptory writ in this case was awarded in January, 1897, only two months prior to the expiration of the term for which Hughlett asks for the certificate of election. Of what avail would this certificate be against Hart holding the office under claim of right, with but two months of the term remaining in which to contest the right to hold the office with Hart. That the writ would be fruitless as an aid to Hughlett to obtain possession of the office is apparent, and for that reason should not be granted. High on Ex. Rem., sec. 14 and note, and sec. 64; Woodbury v. County Com'rs, 40 Me. 304. The granting of the writ in this instance in the circumstances in which we find the

case, can have but one effect; that is, to encourage Hughlett in future petty litigation for the fees and emoluments of the office. The writ of *mandamus* should not be used for such purpose. High on Ex. Rem., sec. 26. The alternative writ commanded the board of aldermen to grant the whole of the prayer of the petition; that is, to issue to Hughlett a certificate of election and commission, to approve his bond (if found sufficient), to file his oath of office, and to draw upon the treasurer of the city a warrant for salary due him at the rate of $30 per month from July 30, 1895. The peremptory writ was to issue a certificate of election only. It was incumbent upon Hughlett in order to entitle him to the premptory writ, to show that he was entitled to the performance of all the things specified in the alternative writ. This he failed to do, and the proceedings should have been dismissed. State ex rel. v. Field, 37 Mo. App. 83 and 102; State ex rel. v. Davis, 54 Mo. App. 447; State ex rel. v. R. R., 77 Mo. 143; State ex rel. v. Baggott, 96 Mo. loc. cit. 71; School District v. Lauderbaugh, 80 Mo. 190; State ex rel. v. Francis, 95 Mo. 44; High on Ex. Legal Rem., sec. 519. For the reasons herein stated the judgment will be reversed. Judge BOND concurs; Judge BIGGS dissents.