# State, *ex rel.* Case *v.* Lyons.

## *Petition for Mandamus.*

1. *Mandamus; when appeal from order denying writ to be dismissed.*
   —Where an appeal is taken from an order of a judge denying a petition for a writ of *mandamus* to compel the petitioner's restoration by the mayor to the office of chief of police of a city, and after such appeal is taken it is made to appear that

the petitioner had been, subsequent to the rendition of the judgment, legally removed from office by proper proceedings had by the city council, such appeal will be dismissed.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. SAMUEL B. BROWNE.

The proceedings in this case were had upon a petition filed by the State of Alabama, on the relation of John Case, asking for a writ of *mandamus* to be issued to the appellee, Pat J. Lyons, mayor of the city of Mobile, to restore the said Case to the office of chief of police, from which office he had been removed by said Lyons, as mayor.

The facts of the case are sufficiently set forth in the opinion.

FITTS & STOUTZ, for appellant.

B. B. BOONE and GREGORY L. & H. T. SMITH, *contra*.

TYSON, J.—The appeal in this cause is from a judgment rendered by the trial court upon a final hearing, denying appellant's petition for a writ of *mandamus* to compel his restoration by the mayor of the city of Mobile to the office of chief of police of that city, of which he was deprived by the action of that officer in ordering his removal.

After this judgment was rendered and after this appeal was taken, it is made to appear to this Court that appellant was legally removed from or deposed from the office by proper proceedings had by the city council of Mobile. And motion is here made to dismiss the appeal upon the ground that his lawful removal terminates his right to the office, and, therefore, there is no longer an existing actual controversy between the parties involving real and substantial rights to be determined.

It is not controverted but that the action of the city council was legal and had the effect of removing the appellant from the office to which he now seeks to be restored. Should we conclude that the trial court erred in refusing the writ and, therefore, reverse the judgment

and order it to be issued commanding the mayor to re-store him to the office, it is clear that it could not be obeyed by him.

"It is a fundamental principle," says Mr. High in his work on Extraordinary Remedies, "That the writ will never be granted in cases where, if issued, it would prove unavailing, and whenever it is apparent to the court that the object sought is impossible of attainment * * * * so that the granting of the writ will neces-sarily be fruitless, the court will refuse to interfere."— *Ex parte DuBose*, 54 Ala. 281.

In *Comer v. Bankhead* (70 Ala. 136), the appellant Comer applied to the lower court for a writ of *mandamus* to compel the respondent Bankhead, as warden of the State penitentiary, to deliver to him the number of con-victs to which he was entitled under his contract with the warden. The trial court sustained a demurrer to the petition, dismissed it and refused to award the writ. Pending the appeal to this Court the contract upon which Comer predicated his right to the convicts expired. This Court said: "When these proceedings were insti-tuted—August 1881—the relator (Comer) was entitled to the relief herein above indicated. He was also enti-tled to relief when the circuit court pronounced judg-ment on the demurrers, when the appeal was taken and when the case was argued and submitted to this Court for decision. The time has now expired within which the warden was authorized to deliver any convicts under the contract. The consequence is, that no writ of *manda-mus* can be awarded."

This principle has been expressly applied in many cases where a public officer sought by writ of *mandamus* a restoration to the office and, pending the litigation, his term of office expired. In all of them the courts have uniformly held that the writ would not be awarded be-cause nothing could be accomplished by its issuance.— *Goodbury v. County Commissioners*, 40 Me. 304; *Colvard v. Graham County Com.*, 95 N. C. 515; *Christman v. Peck*, 90 Ill. 150; *Pitts v. Tuttle*, 79 Iowa, 253; *Lacoste v. Duffy*, 49 Tex. 767; s. c. 30 Am. Rep. 122.

In the case last cited the term of office of the appel-lant expired pending the appeal. The court said: "It

[Bolen v. Hoven.]

has not been customary in this court to decide questions of importance after their decision has become useless, merely to ascertain who is liable for the cost. The amount of business of practical importance would forbid that the time of the court should be so occupied. As the condition of the case is now such that the court could not render an effective judgment upon its reversal, the cause is dismissed."

In the recent case of *County of Montgomery v. Montgomery Traction Company* (140 Ala. 458), this Court dismissed the appeal. We there said: "The cause, in short, has become a moot case; there is no occasion or necessity for a judgment here, and no end to be accomplished by any judgment we might render, and we therefore decline to consider the case as now presented on its original merits.—2 Cyc. Law & Pro., 533, *et seq.*"— *Norwood v. Clem,* in MS.

Such is the practice of the Supreme Court of the United States whenever it is made to appear to that Court that the questions presented for decision are moot or abstract.—*California v. San Pablo & T. R. R.,* 149 U. S. 308; *Little v. Bowers,* 134 U. S. 547; *Kimball v. Kimball,* 174 U. S. 547.

Appeal dismissed.

McClellan, C. J., Dowdell, Simpson and Denson, J.J., concurring.