# Ham *v.* The State, *ex rel.* Buck, *et al.*

## *Quo Warranto.*

(Decided April 20, 1911.　54 South. 996.)

1. *Quo Warranto; Proceedings; Moot Question.*—Where the term of office in dispute expired by operation of law before the quo warranto proceedings to try the right to same were heard, an order dismissing the proceedings was proper.

2. *Same; Costs.*—Where quo warranto proceedings are dismissed because the term of office to try title to which proceedings were brought, had expired by operation of law, the respondent was entitled to full costs as a matter of right, and it was error to enter a judgment requiring each party to pay his own costs. (Section 3222, 3662, and 5468, Code 1907.)

3. *Same; Judgment Appealable.*—A judgment in a quo warranto proceeding dismissed such proceeding and taxing each party thereto with his cost is such a judgment as will support an appeal.

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

[Ham v. The State, ex rel. Buck, et al.]

Quo warranto by the State on the relation of A. V. Buck and others, against J. N. Ham, to try title to office. From a judgment dismissing the petition, and taxing each party with his own cost, respondent appeals. Reversed and remanded.

J. F. SANDERS, for appellant. The order dismissing the petition was proper.—Sec. 5460 and 5468, Code 1907; State v. Centreville B. Co., 18 Ala. 680; Lyons v. The State, 143 Ala. 649; State v. Jacobs, 17 Ohio 143; Montgomery v. Montgomery T. Co., 140 Ala. 458; 2 Cyc. 533; Norwood v. Clemm, 39 South. 214. The court erred, however, in taxing each party with his aliquot part of the cost. The respondent was entitled to have the informant and his sureties pay the costs.—Sec. 3662, and 3669, and 5468, Code 1907; North v. Hannon, 121 Ala. 588. The judgment was one from which an appeal will lie.—Ivey v. Gilder, 114 Ala. 95.

J. A. CARNLEY, for appellee. The order dismissing the petition was proper, and the court committed no error in dividing the costs.—11 Cyc. 70-1. The court has jurisdiction and discretion in the matter of taxing costs, and its action is not revisable.—L. & N. v. Solomon, 138 Ala. 151; A. C. L. v. Sanders Hdw. Co., 163 Ala. 423; Comer v. Armstrong, 91 Ala. 267; Sec. 4870, Code 1907.

SAYRE, J.—This was a proceeding by quo warranto to try the right to a public office. The case may be found stated in Ham v. Buck, 156 Ala. 645, 47 South. 126. Pending the hearing the relator died, and the proceeding was revived in the name of one Jernigan, who had become surety for costs in the beginning.

Before the cause could be brought to a final hearing, the term of the office in dispute expired by limitation.

[Ham v. The State, ex rel. Buck, et al.]

Thereupon the case became moot, and on motion in the circuit court was dismissed, and it was adjudged that each party should pay the costs accruing at his instance. The order dismissing the cause was proper in its general effect.—*State ex rel. Case v. Lyons,* 143 Ala. 649, 39 South. 214.

But the respondent in the court below by this appeal complains of so much of the judgment as taxed him with any part of the costs. If the judgment was erroneous in the particular alleged, an appeal lies for its correction.—*Ivey v. Gilder,* 119 Ala. 495, 24 South. 715. Nothing can now be known or determined respecting the merits of the proceeding.

Section 3662 of the Code provides that the successful party in all civil actions is entitled to full costs, for which judgment must be rendered, unless in cases otherwise directed by law. In chancery costs may be apportioned at the discretion of the chancellor.—Code, § 3222. Chapter 128 of the Code, which deals with the subject of statutory actions in the nature of quo warranto, and under which this proceeding was instituted, treats the proceeding in respect to costs as an ordinary civil action at law, where any person is joined with the state as informant. Section 5468 in that chapter provides that, on an abatement of the action, judgment must be rendered against the sureties of the informant for the costs. This section implies a primary liability upon the informant. We conclude that the trial court was without discretion in the matter of awarding costs, and that the defendant was entitled to his full costs.

The judgment is reversed, and the cause remanded for a judgment in accordance herewith.

Reversed and remanded.

SIMPSON, McCLELLAN, and MAYFIELD, JJ., concur.