(100 South. 756)

## STATE ex rel. REEVES v. THOMPSON.
### (5 Div. 882.)

(Supreme Court of Alabama.   June 12, 1924.)

**1. Municipal corporations �köö159(4)—Removal from office must be for cause named on notice and hearing.**

Code 1907, § 1172, relative to removal of municipal officers, is to be construed as a whole and in connection with the general rules of law governing removals from office; the proceeding thereunder being quasi judicial and contemplating notice and hearing and removal only for cause.

**2. Municipal corporations ⊛183(3)—Removal of town marshal and appointment of another, without notice or hearing, or majority vote, held unauthorized.**

Town council held powerless to declare the office of town marshal vacant before term expired, without notice and opportunity for hearing, or without a two-thirds vote of the council in view of Code 1907, § 1172, and powerless to elect respondent as town marshal without a vote of a majority of the council in view of section 1192, subd. 7.

**3. Quo warranto ⊛11—Proceeding in nature of quo warranto to test title to office held appropriate.**

Duly elected town marshal properly instituted a proceeding in the nature of quo warranto to test title of another elected after council had declared office vacant.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Proceeding by quo warranto by the State of Alabama, on the relation of J. N. Reeves, against R. L. Thompson. Judgment for defendant, and plaintiff appeals. *Reversed and remanded.

P. B. McKenzie and Fred T. Farnell, both of Tallassee, for appellant.

The defendant was never legally elected, and therefore was without right to exercise the duties of the office. Code 1907, § 1192; 32 Cyc. 1450; Jackson v. State, 143 Ala. 145, 42 South. 61. The relator stated a good cause of action. Code 1907, §§ 1172, 1192; 32 Cyc. 1448.

J. W. Strother, of Dadeville, for appellee.

No brief reached the Reporter.

BOULDIN, J. This is a proceeding in the nature of quo warranto to test the title of respondent to the office of town marshal.

The information sets up the following case:

The relator was duly and legally elected by the town council to the office of town marshal. He qualified and entered upon the duties of office, and his term of office had not expired. The town council without notice or hearing, and by a vote of two of the five aldermen, undertook to declare the office vacant and by the same vote to elect the respondent to fill the vacancy. Respondent, by virtue of such election, proceeded to qualify, and is undertaking to discharge the duties of the office:

[1] Cities and towns may, by ordinance, provide for the election or appointment of such subordinate officers as are deemed needful, prescribe their duties, and fix their terms of office. Code 1907, § 1171; Michael v. State ex rel. Welch, 163 Ala. 425, 50 South. 929.

"*Removal of Municipal Officers.*—Any person appointed to office in any city or town may, for cause, after a hearing, be removed by the officer making the appointment. The city council may remove, by a two-thirds vote of all those elected to the council, any person for incompetency, malfeasance, misfeasance, or nonfeasance in office and for conduct detrimental to good order or discipline, including habitual neglect of duty, in the several departments." Code 1907, § 1172.

It will be noted that this section provides two means of removal of officers: First, by the officer making the appointment. This must be for cause, after a hearing. Second, by the city council for causes named. The former provision does not name the causes. The latter does not provide for a hearing.

The statute should be construed as a whole, and in connection with general rules of law governing removals from office. The proceeding is quasi judicial. In both cases, the removal is for the causes named upon notice and hearing. 28 Cyc. 439 (V), 440 (D).

[2] The action complained of cannot be referred to the power to abolish offices, nor to the power to have two marshals instead of one. To declare the office vacant effects the removal of the incumbent. To fill the vacancy is to put another in his place.

The council was without lawful power to declare the office vacant without notice and opportunity for hearing, or without a two-thirds vote of those elected to the council. Likewise they were without power to elect respondent as town marshal without a vote of a majority of those elected as members of the council. Code 1907, § 1192, subd. (7); Reese v. State ex rel. Carswell, 184 Ala. 36, 62 South. 847.

[3] The relator pursued the proper remedy. Code 1907, § 5453; State ex rel. Kernachan v Roberts, 203 Ala. 325, 83 South. 49.

---

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

We conclude the information was not subject to the demurrer. Jackson v. State ex rel. Tillman, 143 Ala. 145, 42 South. 61; 32 Cyc. 1450, 1451.

For error in sustaining the demurrer, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.