RAYMOND FELLOWS, Att'y General

HENRY F. CUMMINGS, Relator

*vs.*

JOHN M. EASTMAN.

Kennebec.    Opinion March 31, 1927

*Although the question to be submitted to the electorate when an amendment to the Constitution is proposed is set forth in the resolution passed by the Legislature, it does not become a part of the amendment if the vote is in the affirmative. Its function is not to inform the voter of the full import of the amendment, but a mere formula prescribed by the Legislature to enable the electorate to express its will as to whether the proposed amendment should become a part of the organic law.*

In the instant case the amendment to section 10 of article IX of the Constitution was duly submitted to the people, having been printed in full upon the ballot; the vote was in the affirmative; it was duly proclaimed as part of the Constitution, and must be so regarded.

The Governor having proceeded in accordance with the opinion of a majority of the Court as to the proper construction of the amendment in removing the relator, while it may not have rendered the relator's removal res adjudicata, nor do the rules of stare decisis apply to the advisory opinions of the Court under the Constitution; yet when property rights are not involved and the advice is given to guide the Governor in the performance of a constitutional function of government and having been followed, public policy requires that his acts be upheld, unless strong and compelling reasons are presented to the contrary; the petitioner presents no such reasons to this Court in these proceedings.

The existence of the office itself not being involved, and no damage being recoverable under the statutes of this state in these proceedings, no good could come from deciding the moot question of the title to the office, the term of the office having already expired before the case was fully presented to this Court.

On appeal. A proceeding in the nature of *quo warranto* to determine the title to the office of sheriff of Kennebec County for the term expiring January 1, 1927, the relator having been removed by the governor under the provisions of the amendment to section 10 of article IX of the Constitution adopted at the September election, 1917. After a hearing upon petition, answer and replication the presiding Justice entered a decree in favor of the defendant, and relator appealed. Appeal dismissed. Judgment below affirmed.

The case fully appears in the opinion.

*Ralph W. Farris and Joseph E. F. Connolly* for relator.

*Locke, Perkins & Williamson* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DEASY, STURGIS, BARNES, BASSETT, PATTANGALL, JJ.

DEASY, BARNES, PATTANGALL, JJ., concurring in the result.

WILSON, C. J. A proceeding by information in the nature of *quo warranto* to determine the title to the office of sheriff of Kennebec County for a term expiring January 1, 1927.

The relator was at the September election in 1924 elected sheriff of Kennebec County, and duly qualified and took up the duties of his office on January 1st, 1925 for a term of two years.

On March 12, 1926 Arthur H. Field, Chief of the State Highway Police, complained to the Governor and Council that the relator had not faithfully and efficiently and was not then faithfully and efficiently performing his duties as such sheriff. The proceedings were brought under an amendment to sec. 10 of Art. IX of the constitution and adopted at the September election 1917, which provides a method for the removal of sheriffs when found to be unfaithful or inefficient in the performance of their duties.

A hearing was held by the Governor and Council and by a vote of four to three, the Governor voting—the Council by reason of an unfilled vacancy caused by death then consisting of six members—the relator was found guilty of the charges against him. Question having arisen as to the legality of the procedure and the adoption of the amendment, before proceeding to remove the relator, the Governor under sec. 3 of Art. 4 of the Constitution requested the opinion of the Justices of the Supreme Court as to whether the amendment under which the proceedings were instituted was legally adopted and whether by the terms of the amendment a majority vote of the Council was required before the Governor could remove a sheriff.

The members of this Court, 125 Me., 530, unanimously advised the Governor that the amendment had been legally adopted and proclaimed, and had become a part of the organic law of the state; and a majority advised that the Governor and Council under the amendment were constituted a special tribunal to hear and determine the facts in such proceedings, and as such tribunal their duties were judicial rather than executive and advisory; that the Governor was a member of such tribunal and entitled to vote, and that a majority vote of the tribunal so constituted was sufficient to furnish grounds for the Governor without further action by the Council to remove the offending officer. Whereupon the Governor removed the relator and named the respondent as sheriff of Kennebec County for the remainder of the term, which appointment was duly confirmed by the Council and the respondent duly qualified himself for the performance of the duties of the office.

On June 16th, 1926 the relator instituted these proceedings. After a hearing before a single Justice in July following, the right of the respondent to the office of sheriff of Kennebec County until January 1st, 1927 was found valid and confirmed. Thereupon the relator

appealed to this Court sitting in December, 1926, alleging twenty different grounds of appeal.

His counsel, however, in his brief states that only two questions are involved: (1) whether the amendment was legally adopted and (2) whether if adopted the Governor can vote with and "as a councillor."

We think there is no merit in his first contention, whatever the interpretation put upon the amendment. While the question formulated by the Legislature for submitting the amendment to the people may not have aptly expressed the full import of the amendment as construed by a majority of the Court, the evidence does not disclose that any deceit was intended or practiced. The entire amendment was printed in full on the ballot for the information of the voter. That all are not now agreed as to its construction does not militate against its adoption.

The submission of constitutional amendments by printing on the ballot a brief statement of its general import in the form of a question on which the voter indicates his wishes by voting "yes" or "no" is the common and convenient method in all the states. Different methods of bringing to the attention of the voter the actual provisions of the amendment referred to in the question submitted are followed. In this instance, if it had not already, according to the usual practice, been printed in the public press, the full context was printed on the ballot.

The electorate by voting "yes" or "no" upon the question submitted either adopts or rejects the amendment. By an affirmative vote, it does not adopt the question as a part of the amendment. While the question to be submitted to the voters is contained in the resolution passed by the Legislature, it is no part of the amendment, but a mere formula prescribed, not to inform the voter of the full import of the proposed amendment, but to enable the electorate to express its will as to whether the proposed amendment should become a part of the organic law. *Cooney* v. *Foote*, 142 Ga., 647, 654; *Cudihee* v. *Phelps*, 76 Wash., 314. The procedure outlined by the Constitution in submitting this amendment to the people was followed. The vote was in its favor. It was duly proclaimed a part of the Constitution. To what extent the formula submitted to the voters should control its interpretation is another matter. Of the adoption of the amendment there can be no doubt.

· As· to· its construction, ·no extended discussion is now necessary, as we think the appeal should in any event be dismissed upon other grounds.

In removing the relator, the Governor proceeded in accordance with the judicial interpretation of the amendment obtained by him under the Constitution. While the legality of relator's removal from the office may not be thereby rendered *res adjudicata;* nor does the rule of *stare decisis* apply to the constitutional advisory opinions of the Justices where property rights are concerned; but where property rights are not involved, a public office being a public trust and not a vested property right, *Taylor* v. *Beckham,* 178 U. S., 548, 577, *Rounds* v. *Smart,* 71 Me., 383; *Prince* v. *Skillin,* 71 Me., 361; *Andrews* v. *King,* 77 Me., 231; *Nichols* v. *MacLean,* 101 N. Y., 526; *McKannay* v. *Horton,* 151 Cal., 711; 22 R. C. L., 377, and the advice being given to guide the Governor in the performance of a public and constitutional function of government, and having been followed, public policy, at least, requires that strong and compelling reasons be presented before the Court sitting *en banc* will hold an act by the Chief Executive of this nature invalid when taken in pursuance of a construction of the organic law given upon request under the constitution by a majority of the Court. The relator presents none, unless he abandons his first proposition and relies upon the alleged inconsistency between the question submitted to the voter and the construction of the amendment adopted by the majority of the Court.

However, a rule, which is decisive of the case as now premised before this Court, seems well established; that unless the existence of the office itself is involved, *State* v. *Butler,* 105 Me., 102, the term of the office in question having expired and damages not being recoverable, no good can now come from deciding the moot question of the title to the office. *Osterhous ex rel.* v. *Van Duren,* 168 Mich., 464; *Ham* v. *State,* 172 Ala., 239; *State* v. *Lyons,* 143 Ala., 649; *Tennessee* v. *Condon,* 189 U. S. 64; *Com.* v. *Athearn,* 3 Mass., 285; *State* v. *Porter,* 58 Iowa, 19; *State* v. *Powell,* 101 Ia., 382; *Holmes* v. *Sikes,* 113 Ga., 582, *Churchill* v. *Walker,* 68 Ga., 681; *Morris* v. *Underwood,* 19 Ga. 560; *State* v. *Ward* 17 Ohio St., 544; *State* v. *Wickersham,* 16 Wash., 162; Mechem on Public Officers, sec. 484. 22 R. C. L., 722, sec. 45.

Such proceedings even when upon information by the Attorney General are civil and not criminal. *State* v. *York Light and Heat Co.,*

113 Me., 144.   The statutes of this state do not authorize the imposition of a fine or the recovery of damages, nor may either be recovered under the common law of this state in such proceedings. See *State* v. *Kearn*, 17 R. I., 391; *Atty. Gen.* v. *Sullivan*, 163 Mass., 446; *Com.* v. *Fowler*, 11 Mass., 339.

So far as the petition or the evidence discloses, therefore, no benefit other than the recovery of costs could now enure to the relator, if this proceeding was decided in his favor.   But as the Court said in *State* v. *Porter*, 58 Iowa, 19, "Courts are not organized for the purpose of determining mere abstractions.   The Court ought not to be required to spend its time in the accumulation of a bill of costs for no other purpose than that of determining which party should pay for them. . As no vital question remained for determination the further prosecution of the case would have been vexatious and unjust."

The United States Court in *Tennessee* v. *Condon*, 189 U. S. 64 has expressed similar views.   "The duty of this court, as of every other juducual tribunal, is to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions.   It necessarily follows that when pending an appeal from the judgment of a lower court, and without any fault of the defendant, an event occurs which renders it impossible for this court, if it should decide the case in favor of the plaintiff, to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal."

The relator when these proceedings were instituted had already been nominated in the primaries as candidate for the term beginning January 1st, 1927, the state election was to take place in September, at which he was re-elected, and he is now occupying the office of sheriff of Kennebec County.   By no possibility could the right of the respondent to the office during the remainder of the term expiring December 31st, 1926 have been finally determined in this Court before the term was about to expire and in all probabilities the term would have been completed before a decision could be rendered, as indeed it has, though if the relator had proceeded promptly, an appeal to this Court might have been taken to the June term and an early decision rendered before the term of the respondent had fully expired.

The respondent in the instant case being already out of office, the term having expired, if the relator were entitled to judgment, a judgment of ouster, the only judgment which would be proper here, would be superfluous, and so far as the case discloses, would avail the relator nothing.    As no fine can be imposed or damages recovered, the recovery of costs alone is not sufficient to warrant the retention of the case.    *Tennessee* v. *Condon supra.*

*Appeal dismissed.*
*Judgment below affirmed.*