147 So. 182
### BRADFORD v. STATE ex rel. ESSLINGER.
### 6 Div. 176.

Supreme Court of Alabama.

March 23, 1933.

Huey, Welch & Stone, of Bessemer, and Marvin Woodall, of Birmingham, for appellee.

Horace C. Wilkinson, of Birmingham, for ·appellant.

344

ANDERSON, Chief Justice.

■ This is a proceeding in the nature of quo warranto to test the right or title of the parties to this cause to the office of city attorney for the city of Fairfield. It is not controverted that a third party was duly and legally elected city attorney in October 1932, and that the term or fraction thereof as claimed by these respective parties relates to a period anterior to October 17, 1932. While this proceeding was instituted and tried in the circuit court before the term or fractional term involved expired, this case was not submitted to this court until November 30, 1932, and after the expiration of the term, and the question is now a moot one as a decision either way cannot remove or restore either of the parties to said office, and the appeal should be dismissed.

* The case of Ham v. State ex rel. Buck, 172 Ala. 239, 54 So. 996, involved a quo warranto proceeding and this court held that the trial court properly dismissed the proceedings as the term expired before the case was tried. The only distinction between that case and the one at bar is that the term there expired before the case was dismissed by the circuit court, while here the term did not expire until after the case was tried in the circuit court, but before submitted to this court. This distinction is of no importance as held in our case of State ex rel. Case v. Lyons, 143 Ala. 649, 39 So. 214. There the case did not become moot until after the trial in the circuit court and after the appeal was taken, but before decided by this court. We held that a decision of the case could serve no useful purpose and that it would not be decided although the question of cost was involved. True, the Lyons Case, supra, was a proceeding by mandamus instead of quo warranto, but it involved the same principle, that is, the duty of this court to decide who was entitled to a public office after the term in dispute had expired. In the Lyons Case, supra, many cases are cited and the case of J. B. Lacoste v. James Duffy, 49 Tex. 767, 30 Am. Rep. 122, is approved and quoted from, and, while said case was a mandamus, the opinion states: "This is especially the case in mandamus and information in the nature of a quo warranto for an office the term of which has expired."

The cases cited by appellant in opposition to the motion to dismiss the appeal are not opposed to the foregoing authorities and are readily distinguished from same.

The case of Petchey v. Allendale Land Co., 216 Ala. 167, 112 So. 818, was an appeal from an order appointing a receiver who resigned before the case was decided by this court, and this court held the appeal would not be dismissed notwithstanding the resignation because it was necessary to determine the propriety of the appointment of the receiver with whatever consequences to the parties and the receiver and their bondsmen may involve.

The case, Giglio v. Barrett et al., City Com'rs, 207 Ala. 278, 92 So. 668, concerned the enforcement of an alleged unconstitutional ordinance under circumstances claimed to be a denial of complainant's valid and proper exercise of his property rights.

In the opinion of the writer, under the foregoing authorities, the motion to dismiss the appeal should be sustained. The other Justices hold that the motion to dismiss the appeal should be overruled.

#### Upon the Merits.

■ The first question of importance is whether or not the city of Fairfield, when the relator was elected city attorney in 1928, was operating under section 1758 or 1759 of the Code of 1923. That is, what was the population at the time as section 1758 applies to cities having more than 6,000 inhabitants and section 1759 to cities having less than 6,000 inhabitants? True, the federal census of 1920 gave Fairfield less than 6,000 inhabitants, but a municipal census was taken under section 1060 and 1061 of the Code of 1907, and the result filed with the Secretary of State, March 7, 1923, showed that Fairfield had over 6,000 inhabitants and of which we take judicial notice. 23 C. J. 161; King v. Scott, 217 Ala. 511, 116 So. 681; State v. Joseph, 175 Ala. 579, 57 So. 942, Ann. Cas. 1914D, 248.

■ Section 1758 of the Code of 1923 provides that in cities of a population of more than 6,000 "there shall be elected by the council, at its first regular meeting, or as soon thereafter as practicable, a city treasurer, a city clerk, who shall be residents of such cities, and a city attorney, who shall hold office until the next general election and until their successors are elected and qualified."

The relator was elected succeeding the election of 1928, and his term was therefore fixed from then until the election and qualification of his successor at an election to be held in September, 1932. The relator was therefore an officer with a term fixed by law and not by the council or governing board of the city.

■ We do not think that the latter part of the section authorizing the council to elect an auditor, a recorder, or any officer required by ordinance "and except as otherwise provided, the council shall have authority to fix the terms of office" applies to the city clerk, treasurer, and attorney whose terms

are "otherwise provided." It is conceded in argument of appellant's counsel that said section fixes the term of treasurer and clerk, but not the attorney because the two former are required to be residents of the city, but there is no such requirement as to the city attorney. We do not think this difference removes the city attorney from the term fixed for the three previously enumerated officers to wit: "a city treasurer," "a city clerk," and a "city attorney."

We are therefore of the opinion, and so hold, that the relator was an officer with a fixed term of an incorporated city in this state, removable by impeachment under section 175 of the Constitution of 1901. This being the case, he could only be removed by impeachment. Nolen v. State, 118 Ala. 154, 24 So. 251; Touart v. State ex rel. Callaghan, 173 Ala. 453, 56 So. 211; Williams v. State, 197 Ala. 40, 72 So. 330, Ann. Cas. 1918D, 869; Franklin County v. Richardson, 202 Ala. 46, 79 So. 384; Petree v. McMurray, 210 Ala. 639, 98 So. 782.

■ Whether or not the Legislature has prescribed a method for the impeachment of officers of incorporated cities other than mayor and intendant, as provided by section 175 of the Constitution, matters not, for this relator was an officer of an incorporated city and was removable under said section 175 of the Constitution and under authorities, supra, could not be removed in any other way.

We are cited by the appellant's counsel to the case of State ex rel. v. Thompson, 211 Ala. 429, 100 So. 756. There the question of whether or not the officer removed came within the Constitution, § 175, seems not to have been presented or considered. Moreover, it seems that the officer in this case had no term fixed by law, but the fixation of same was delegated to the governing board of the town under section 1171 of the Code of 1907. Here, we are dealing with an officer of an incorporated city created by law and with a term fixed by law.

The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.