BOARD OF TOWNSHIP TRUSTEES, HUDSON TOWNSHIP,
APPELLEE, *v.* LAMBRIX ET AL., APPELLANTS. ■

[Cite as Bd. of Township Trustees v. Lambrix (1978),
60 Ohio App. 2d 295.]

(No. 8739—Decided June 28, 1978.)

*Mr. Joseph M. Holden,* for appellees.
*Mr. Oscar H. Johnson,* for appellants.

HUNSICKER, J. On December 21, 1976, after much bargaining, the Board of Trustees of Hudson Township, Summit County, Ohio, notified Mr. and Mrs. Maurice A. Lambrix that they desired to acquire three parcels of land owned by Mr. and Mrs. Lambrix, known as 37-39 South Oviatt Street, Hudson, Ohio. An offer of $125,000 for the parcels was made. This offer was refused.

On February 28, 1977, a complaint for the appropriation of the Lambrix land was filed in Summit County Common Pleas Court. The resolution to appropriate this land is declared to be "***necessary for the purpose of acquiring real estate, together with buildings thereon, for recreational purposes and for public building, site and expansion purposes. ***"

An amended joint answer was filed by Mr. and Mrs. Lambrix who admit that "plaintiff Township Trustees are authorized by law to exercise the power of eminent domain under certain circumstances," but deny "plaintiff is authorized by law to appropriate property within the limits of a municipality even though the property proposed to be appropriated also lies within the limits of Hudson Township.***" The appellants Lambrix further plead: the purpose of the appropriation is denied; the value of the property is "greatly in excess of $125,000 and, efforts by the trustees to buy the property have been made."

The trial court found that the appropriation is for recreational purposes, public buildings, site and expansion purposes. The trial court affirmed the determination of the existence of necessity and that all other requirements of the appropriation were satisfied and that Hudson Township Trustees could appropriate property of the village of Hudson.

The jury fixed a value for the land at $15,000 and the buildings at $110,000 or a total of $125,000. From the judgment rendered herein, a notice of appeal has lodged the case in this court where Mr. and Mrs. Lambrix contend:

### First Assignment of Error

"The judgment of the Trial Court entered November 2, 1977, finding that the Board of Township Trustees, Hudson Township, Summit County, Ohio, had the legal power and authority to institute, maintain and consummate an action to appropriate realty for recreational purposes, located entirely within the limits of the City of Hudson, is contrary to law, to-wit: the express unambiguous provisions of the Ohio Constitution, Article 18, Section 3."

### Second Assignment of Error

"The judgment of the Trial Court entered November 16, 1977, finding that proceedings brought by the Board of Township Trustees, Hudson Township, Summit County, Ohio, to appropriate realty within the limits of the City of Hudson; finding that such proceedings are regular and according to law is erroneous in that such proceedings were instituted, maintained and conducted by such Board without authority at law and contrary to law."

Counsel for Mr. and Mrs. Lambrix made an oral argu-

ment by presenting the simple question - does the Board of Township Trustees of Hudson Township, Summit County, Ohio, have the legal power and authority to appropriate realty within the limits of the village of Hudson which is an independent municipality located wholly within Hudson Township?

Extensive testimony was taken in the course of the trial in the Common Pleas Court, but the sole question we have to determine is the question stated above.

This court in *DiMichele,* v. *Hudson Township Board of Trustees,* unreported, Ninth Appellate District, No. 5805, decided January 18, 1967, detailed the early history of the Hudson Green stating that Jose Gaylord in 1806 gave the land "to the inhabitants of Township No. 4 in the 10th Range of the Connecticut Western Reserve." The township was organized in 1802, and the village of Hudson was incorporated in 1837.

The village of Hudson comprises about twenty five percent of the township area and remains as a part of that township. There has been no effort to. separate Hudson Village from Hudson Township or for Hudson Township to exclude Hudson Village from the Township. The village green, in the center of the business district of the village, and other properties in the village, are owned by the township. It is the purpose of this appropriation action to extend the green in accordance with a plan which the voters of the township and the village approved, known as the Green Plan.

A very early case which has not been reversed or modified stated:

"1. Neither as a matter of theory or practice, is there any necessary difficulty in the existence and harmonious working of a civil township organization, and, at the same time, of a city organization within the limits of such township, or within the limits of more than one township; and the statutes nowhere provide, either expressly or by just implication, that, on the organization of a city within the limits of a township or townships, the territory within the city limits shall cease to be a part of the township or townships from which the same was taken." *State, ex rel. Halsey,* v. *Ward* (1867), 17 Ohio St. 544, at 547.

*State, ex rel. Halsey,* v. *Ward, supra,* has been used in

many opinions of the Attorney General of Ohio in his advice to officials of Ohio state government. We refer especially to a situation very similar to ours in 1959 Ohio Atty. Gen. Op. 584, No. 888, where the advice given referred to the village of Coaltown in Jackson County, Ohio. This village occupies a portion only of Coaltown Township. The subject was the vote for a tax levy in excess of the 10 mill limitation submitted to the voters. The Attorney General said the voters of the entire township were eligible to cast ballots in such election. Coaltown Village and Coaltown Township had not exercised their statutory privilege to change this condition so that, as in Hudson Village and Hudson Township, no such statutory privilege having been taken, the village and township jointly act on certain matters. Land in the township, even though located within the limits of the village under these conditions, retains an independent existence as a part of the township.

Under certain conditions, municipalities have the power to appropriate property situated in another municipality. *Blue Ash* v. *Cincinnati* (1962), 173 Ohio St. 345.

"3. A municipality and a county have co-equal rights conferred by law to appropriate property for municipal recreational and park purposes on the one hand and for an airport or the extension thereof on the other." *Richmond Heights* v. *Board* (1960), 112 Ohio App. 272. (Syllabus.)

Section 4, Article XVIII, of the Ohio Constitution provides for any municipality to condemn property within or without its corporate limits for the construction of public utilities and other improvements. Section 3, Article XVIII, of the Constitution of Ohio provides for the exercise of all powers of local-self government to municipalities, with some reservations. See, R. C. 717.02, R. C. 719.01, and R. C. 719.02.

A township is not considered a municipal corporation. 52 Ohio Jurisprudence 2d 269, Townships, Section 5.

"This court long ago recognized that townships are merely agencies of the state in a system of state government." *Cook-Johnson Realty Co.* v. *Bertolini* (1968), 15 Ohio St. 2d 195, 199.

Eminent domain, the right to appropriate property, is a right of sovereignty. The township has no powers to appropriate any property except as explicitly granted by the

legislature. Section 4, Article XVIII, gives municipalities the right to invade, for certain purposes, the sovereignty of other municipalities. Hudson Township is not a municipality and does not enjoy the right to invade the sovereignty of the village of Hudson, notwithstanding the consent of the village or the lack of objection to the appropriation procedure.

To permit a township in which a village is located to appropriate, for township purposes, certain privately owned lands and buildings of the village, thereby reducing the tax base of the village, could, in the event of enmity between the governmental units, result in serious harm to the operation of village government.

The village of Hudson was incorporated for the purpose of securing a complete system of government for the inhabitants of a part of the township. This incorporation conferred upon the village rights, privileges and duties different from those of township government and free from the restrictions applicable to townships.

For the reason expressed herein, we conclude that the township of Hudson lacked the legal authority to invade the territorial limits of the village of Hudson for the purpose of securing the properties of Maurice A. Lambrix and Georgine Lambrix.

*Judgment reversed.*

VICTOR, J., concurs.

BELL, P. J., dissents.

HUNSICKER, J., retired, was assigned to active duty under authority of Section 6 (C), Article IV, Constitution.