OPINION
OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION
\* \* \* \* \* \* \*
QUESTIONS PROPOUNDED BY THE GOVERNOR
ON OCTOBER 21, 1957
ANSWERED OCTOBER 22, 1957

LETTER PROPOUNDING QUESTIONS
State of Maine
Office of the Governor
Augusta

October 21, 1957

To the Honorable Justices of the
Supreme Judicial Court:

Under and by virtue of the authority conferred upon the Governor by the Constitution of Maine, Article VI, Section 3, and being advised and believing that the questions are important and that it is upon a solemn occasion,

I, Edmund S. Muskie, Governor of Maine, respectfully submit the following Statement of Facts and the questions and respectfully ask the Opinion of the Justices of the Supreme Judicial Court thereon:

## STATEMENT

WHEREAS, the Governor has in the exercise of his constitutional prerogative issued his proclamation for a Special Session of the Legislature to convene at four o'clock in the afternoon on the twenty-eighth day of October 1957; and

WHEREAS, the Governor by Section 9 of Part First of Article V of the Constitution of Maine is required to recommend to the Legislature such measures as may in his judgment be expedient; and

WHEREAS, in the preparation by the Governor of a measure to amend Chapter 364 of the Public Laws of 1957 entitled "An Act Relating to Educational Aid and Reorganization of School Administrative Units" certain constitutional questions have arisen; and

WHEREAS, an answer to these grave problems would greatly assist the Governor in the exercise of his duty in recommending this measure to the Legislature at said Special Session.

NOW, THEREFORE, I, Edmund S. Muskie, Governor of Maine, respectfully request an answer to the following questions:

## I.

Do the following provisions of Chapter 364 of the Public Laws of 1957, namely:

the last paragraph of Section 237-A relative to the power to adjust the State subsidy to an administrative unit,

subparagraph V of Section 111-D and paragraph (2) following Table I in Section 237-D relative to the power to classify schools as unnecessary,

the third paragraph following Table II in Section 237-E relative to the power to approve an administrative unit as necessary and efficient,

Section 237-H relative to the power to determine whether the formation of a school administrative district by consolidation is not geographically or educationally practical, subparagraph VI of Section 111-D relative to the power to approve or disapprove applications for the establishment of school administrative districts and the creation of districts composed only of those municipalities voting on the formation of a district which vote in favor thereof, Section 111-E relative to the power to determine whether

smaller districts would be for the best educational interest of the pupils involved, and

the second paragraph of Section 111-H relative to the power to make changes in the number of school directors,

delegate legislative power to the State Board of Education and the School District Commission in violation of Section I of Part First of Article IV of the Constitution of Maine?

## II.

Must every city or town that is a participating municipality in a school administrative district, consisting of two or more municipalities and created under the provisions of Chapter 364 of the Public Laws of 1957, take into account its proportionate part of the indebtedness incurred by such district in computing the extent of its ability to create debt or liability under the provisions of Section 15 of Article IX of the Constitution of Maine?

## III.

Is a school administrative district, consisting of two or more municipalities and created under the provisions of Chapter 364 of the Public Laws of 1957, subject in any manner to the provisions of Section 15 of Article IX of the Constitution of Maine limiting the amount of debt or liability that may be incurred by cities and towns?

Respectfully submitted,

Edmund S. Muskie
EDMUND S. MUSKIE

ESM/eb

### ANSWER OF THE JUSTICES

To the Honorable Edmund S. Muskie, Governor of Maine:

The undersigned Justices of the Supreme Judicial Court individually acknowledge receipt of your communication of

October 21, 1957, requesting our advice concerning certain provisions of Chapter 364 of the Public Laws of 1957 entitled "An Act Relating to Educational Aid and Reorganization of School Administrative Units," by giving our opinion on the specific questions submitted to us therein.

We feel constrained to say, in reply thereto, that the occasion of the inquiry of your Excellency is not a solemn one within the meaning of Section 3 of Article VI of the Constitution which reads as follows:

> "Section 3. They shall be obliged to give their opinion upon important questions of law, and upon solemn occasions, when required by the governor, council, senate or house of representatives."

Our opinions are sought on the ground that thereby your Excellency will be assisted in presenting measures to the special session of the Legislature convening on October 28th next, pursuant to the Constitution.

> **"Giving information and recommending measures to legislature.**—He shall from time to time give the legislature information of the condition of the state, and recommend to their consideration such measures, as he may judge expedient."
> Art. V, Part First, Sec. 9.

The Act in question was duly enacted by the Legislature, approved by the Governor, and is presently in full force and effect as a law of our State.

In the situation here presented we find no action required by your Excellency that would permit us within the duties and functions of our office to give an advisory opinion upon existing legislation. There is, in our view, no action required by law of your Excellency analogous to your duties with respect to pending legislation.

In 1935, in declining to answer a question relative to the Brunswick School District, the justices unanimously said, in language here applicable:

"The Act has been approved, and signed, by the Executive. It follows that no 'solemn occasion,' wherein the Governor may require the Justices of the Supreme Judicial Court to give their opinion, that is, express their individual views, without a hearing, or the benefit of argument, as to the constitutionality of the particular enactment, exists.

"Should parties in interest institute a proceeding for the purpose, the Court, as such, might, after hearing, and mature consideration, determine if the legislation be valid and constitutional."

*Opinion of the Justices,* 134 Me. 508.
See also *Opinion of the Justices,* 147 Me. 414, in which the limitations imposed upon the Justices by the Constitution relating to advisory opinions are discussed.

Dated at Augusta, Maine, this 22nd day of October, 1957.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
ALBERT BELIVEAU
WALTER M. TAPLEY, JR.
FRANCIS W. SULLIVAN
F. HAROLD DUBORD