**OPINION OF THE JUSTICES of the Supreme Judicial Court given under the provisions of Section 3 of Article VI of the Constitution.**

**Questions Propounded by the House In an Order Dated May 19, 1967,**

**Answered May 26, 1967.**

Supreme Judicial Court of Maine.

June 1, 1967.

---

House Order Propounding Questions

State of Maine
House of Representatives
103rd Legislature

IN HOUSE May 18, 1967

Whereas, Article IV, Part 3, section 2, of the Constitution of Maine, provides that if the Governor does not approve a bill which has passed both Houses, he shall return it with his objections to the House in which it shall have originated, and that if after reconsideration, two-thirds of that House shall agree to pass it, it shall be sent together with the objections to the other House, by which it shall be reconsidered and, if approved by two-thirds of that House, it shall have the same effect as if it had been signed by the Governor, and

Whereas, there is disagreement among the members of the House of Representatives, as to the number of votes necessary to constitute two-thirds of the House, and

Whereas, it appears to the members of the House of Representatives of the 103rd Legislature that a question of law has arisen which makes this occasion a solemn one;

Now, Therefore, Be it Ordered, that in accordance with the provisions of the Constitution of the State, the Justices of the Supreme Judicial Court are hereby respect-

fully requested to give an opinion in the following questions:

### I

Do the provisions of Article IV, Part 3, section 2, of the Constitution of Maine, require a two-thirds vote of the entire elected membership of the House of Representatives to override the veto of the Governor?

### II

If the answer to question 1. is in the negative, is the vote of two-thirds of those members of the House present and voting, providing there is a quorum present, sufficient to override the veto of the Governor?

Name: Jalbert
Town: Lewiston

> House of Representatives
> Read and Tabled Pending Passage
> in accordance with House
> Rule 41
> Tomorrow Assigned
> May 18, 1967
> Bertha W. Johnson
> Clerk
> House of Representatives
> Speaker laid before the House
> The Order was PASSED
> May 19, 1967
> Bertha W. Johnson
> Clerk

A true copy,
  Attest: Bertha W. Johnson
    (Mrs.) Bertha W. Johnson
    Clerk of the House

### Answers of the Justices

To the Honorable House of Representatives of the State of Maine:

The undersigned Justices of the Supreme Judicial Court individually acknowledge receipt of your communication of May 19, 1967, requesting our interpretation of Article IV, Part Third, Section 2 of the Constitution of Maine with relation to the requisite vote to override "the veto of the Governor."

The form in which the question is presented to us does not indicate that your Honorable body is currently faced with the question.

We beg leave to quote Article VI, Section 3 of the Constitution of Maine from which stems the right to ask and our duty to reply to questions addressed to us by the Governor, Senate or the House of Representatives.

"Section 3. The Justices of the Supreme Judicial Court shall be obliged to give their opinion upon important questions of law, and upon solemn occasions, when required by the Governor, Senate or House of Representatives."

We by no means minimize the concern which prompts the present inquiry, but the request addressed to us neither states nor suggests that the House is presently faced with a veto message from the Chief Executive applicable to a pending measure and, until such time, the question posed is not properly before us.

Based upon long standing precedent, in this connection, reluctantly we must conclude that the present solicitation does not fall within the category of a "solemn occasion" prescribed by our Constitution. See Questions and Answers, 95 Me. 564, 51 A. 224 and, more recently, Opinion of the Justices, 134 Me. 510, 513, 191 A. 487 (Question from Executive Council) and 147 Me. 410, 415, 105 A.2d 454, and 153 Me. 216, 218, 136 A.2d 508 (Questions from the Chief Executive).

We beg leave to quote from the Answer of the Justices in 134 Me. 513, 191 A. 487, where our eminent predecessors in office said in response to a question submitted by the Honorable Executive Coun-

cil that while our Justices may be required to express an opinion upon important questions of law, they may not be so required, "as to what may hereafter become such, or which may arise from the doing of some act. The matters with regard to which advisory opinions are proper are those of instant, not past nor future, concern; things of live gravity."

With all respect it must be replied that "the case is not one in which the law allows the opinions of the justices to be given." Opinion of the Justices, 67 N.H.

600, 43 A. 1074. See also 147 Me. 414, 415, 105 A.2d 454, and Opinion of the Justices, 148 Mass. 623, 21 N.E. 439.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
WALTER M. TAPLEY, Jr.
HAROLD C. MARDEN
ARMAND A. DUFRESNE, Jr.
RANDOLPH A. WEATHERBEE