**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

Questions Propounded by the Governor on Nov. 20, 1969.

Answered Dec. 5, 1969.

Supreme Judicial Court of Maine.

Dec. 5, 1969.

———◆———

## LETTER PROPOUNDING
## QUESTIONS

State of Maine
Office of the Governor
Augusta

November 20, 1969

To the Honorable Justices of
the Supreme Judicial Court:

Under and by virtue of the authority conferred upon the Governor by the Constitution of Maine, Article VI, Section 3, being advised and believing that the questions contained herein are important questions of law and that it is a solemn occasion,

I, Kenneth M. Curtis, Governor of Maine, submit the following statement of facts and questions of law and respectfully ask the opinion of the Justices of the Supreme Judicial Court thereon:

## STATEMENT OF FACTS

Chapter 229 of the Public Laws of 1969 which became effective on October 1, 1969, repealed Title 4 M.R.S.A. § 551, which gave the Chief Justice of the Supreme Judicial Court authority to appoint clerks of the judicial court and replaced it with a provision providing for election of clerks of the judicial courts.

Section 1 of Chapter 229 provides in part that vacancies in the office of clerk of the judicial courts are to be filled in the same manner as is provided respecting county commissioners. (Title 30 M.R.S.A. § 101 provides that vacancies in the office of county commissioner are to be filled by appointment by the Governor with the advice and consent of the

Council.) Section 2 of Chapter 229 provides:

"It is the intent of the Legislature that clerks of the judicial courts in office on the effective date of this Act shall continue in office until the expiration of their present terms, at which time the Chief Justice of the Supreme Judicial Court shall appoint clerks of the judicial courts pro tempore to serve until January 1st following the date of the next general election. It is the intent of the Legislature that clerks of the judicial courts shall be elected under this Act at the next general election following the expiration of the terms of the clerks in office on the effective date of this Act."

Chapter 56 of the Public Laws of 1969, which also became effective on October 1, 1969, amends Title 4 M.R.S.A. § 562 and provides in part that whenever the office of clerk of the judicial court shall be vacant by reason of death, resignation, removal from the county or any other reason, the Chief Justice of the Supreme Judicial Court may appoint a clerk pro tempore.

The Clerk of Courts of Cumberland County has tendered his resignation to become effective January 1, 1970. There is uncertainty as to the proper official to appoint a successor to that clerk. The term of the Clerk of Courts of Cumberland County expires on December 31, 1970.

The Governor should be informed as to his rights and duties in regard to Chapter 229 of the Public Laws of 1969; to the effect of Chapters 56 and 229 of the Public Laws of 1969 and he should be properly informed as to the course of action to take relative to the successor of the Clerk of Courts of Cumberland County. In addition, the Governor should be informed as to any other similar factual situations that may require his action in respect to his power to appoint clerks of the judicial court in the future.

Therefore, I respectfully request an answer to the following questions:

## QUESTIONS OF LAW

1. Who is the appointing authority to fill the vacancy in the office of the Clerk of Courts of Cumberland County?

2. What is the length of term of office of the person to be appointed to the office of Clerk of Courts of Cumberland County?

3. During what general election will the Clerk of Courts of Cumberland County next appear on the ballot in Cumberland County?

4. Do the provisions of Section 2 of Chapter 229 of the Public Laws of 1969 respecting pro tempore appointments by the Chief Justice of the Supreme Judicial Court apply to clerks of the judicial courts who were appointed by the Chief Justice of the Supreme Judicial Court pursuant to the authority of Title 4 M.R.S.A. § 562 or the former Section 551 of Title 4 M.R.S.A. (Public Laws of 1967, Chapter 419, § 1) as well as to those who were elected into office?

Respectfully,

(s) Kenneth M. Curtis
Governor

## ANSWERS OF THE JUSTICES

To The Honorable Kenneth M. Curtis, Governor of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the Questions propounded on November 20, 1969.

For convenience we state the first three Questions and our answers before giving the reasons for our opinion.

■ Question 1. Who is the appointing authority to fill the vacancy in the office of the Clerk of Courts of Cumberland County?

Answer: The Governor with the advice and consent of the Council is the appointing authority to fill the vacancy in the office of the Clerk of Courts in Cumberland County to be created by the resignation of the incumbent Clerk effective January 1, 1970. Pending the qualification of a Clerk so appointed, the Chief Justice may appoint a Clerk pro tempore.

■ Question 2. What is the length of term of office of the person to be appointed to the office of Clerk of Courts of Cumberland County?

Answer: Until the first day of January after another has been chosen to fill the office.

■ Question 3. During what general election will the Clerk of Courts of Cumberland County next appear on the ballot in Cumberland County?

Answer: The general election in November, 1970.

Under P.L.1969, c. 229, entitled "An Act Relating to Election of Clerks of the Judicial Courts" (4 M.R.S.A. § 551), effective October 1, 1969, "Clerks of the judicial courts shall be elected and notified, their elections determined and vacancies filled in the same manner, and they shall enter upon the discharge of their duties at the same time as is provided respecting county commissioners, but they shall hold their offices for 4 years."

The following statutes respecting county commissioners thus again become applicable to Clerks of Courts:

*"Vacancies; expiration of term*
Vacancies to occur by expiration of the term of office at the end of any year in which a biennial election is held shall be filled by election on the Tuesday following the first Monday of November in such year." * * * 30 M. R.S.A. § 102.

*"* * * Other times*

When no choice is effected or a vacancy happens in the office of county commissioner by death, resignation, removal from the county or for any other reason, the Governor with the advice and consent of the Council shall appoint a person to fill the vacancy, who shall hold office until the first day of January after another has been chosen to fill the place." 30 M.R.S.A. § 103.

The term of office to which the present Clerk in Cumberland County was elected in 1966 terminates on December 31, 1970. Under Section 102 the vacancy then to occur "shall be filled by election" in November, 1970. The Clerk so elected serves for four years from January 1, 1971, to December 31, 1974.

Under the "vacancy at other times" provision of Section 103 the Clerk is appointed by the Governor with the advice and consent of the Council to "hold office until the first day of January after another has been chosen to fill the place."

The statutes provide as well for appointment of a Clerk pro tempore by the Chief Justice to serve until the qualification of the person appointed by the Governor.

4 M.R.S.A. § 562, as amended by P.L. 1969, c. 504, § 3-A, effective October 1, 1969, which is the statutory source of the authority of the Chief Justice, reads:

"Whenever a clerk is absent or temporarily unable to perform his duties as clerk, the Chief Justice of the Supreme Judicial Court may appoint a clerk pro tempore who shall be sworn and give such bond as said Chief Justice directs. Whenever the office of clerk shall be vacant by reason of death, resignation, removal from the county or any other reason, the Chief Justice of the Supreme Judicial Court may ap-

point a clerk pro tempore who shall be sworn and give such bond as the Chief Justice directs."

■ Section 2 of P.L.1969, c. 229, was not intended in our view to apply to clerks holding office by virtue of election.

■ Question 4. Do the provisions of Section 2 of Chapter 229 of the Public Laws of 1969 respecting pro tempore appointments by the Chief Justice of the Supreme Judicial Court apply to clerks of the judicial courts who were appointed by the Chief Justice of the Supreme Judicial Court pursuant to the authority of Title 4 M.R.S.A. § 562 or the former Section 551 of Title 4 M.R.S.A. (Public Laws of 1967, Chapter 419, § 1) as well as to those who were elected into office?

Answer: We must respectfully decline to answer this question. Section 3 of Article VI of the Constitution both prescribes and limits the power and authority of the several Justices of the Supreme Judicial Court to render advisory opinions in these terms:

"Section 3. The Justices of the Supreme Judicial Court shall be obliged to give their opinion upon important questions of law, and upon solemn occasions, when required by the Governor, Senate or House of Representatives."

Apart from the specific factual situation which prompted the three Questions above as to which we have given our answers, it does not appear that Your Excellency is faced with the immediate necessity of performing any official act as to which our opinions may presently be requested. We note that our learned predecessors in Opinion of the Justices, 134 Me. 510, 513, 191 A. 487, 488, stated:

"The matters with regard to which advisory opinions are proper are those of instant, not past nor future, concern; things of live gravity."

In determining that we are constrained by constitutional limitations not to render any opinion, we by no means minimize the natural and understandable concern which Your Excellency feels with respect to actions which might in the future be required of you by confusing and conflicting statutory language. The present situation, however, illustrates the desirability of the constitutional limitation upon the authority of the Justices since by the time any further action on your part with respect to clerks of the judicial courts may be required, the statutes referred to in Question 4 may have been altered, amended or otherwise clarified. If advisory opinions with respect to specific actions were then deemed necessary and desirable, they would reflect statutory requirements then existing.

Respectfully submitted:

ROBERT B. WILLIAMSON

DONALD W. WEBBER

HAROLD C. MARDEN

ARMAND A. DUFRESNE, JR.

RANDOLPH A. WEATHERBEE

CHARLES A. POMEROY