**OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.**

Supreme Judicial Court of Maine.

Questions Propounded by the Senate in an Order Dated June 17, 1971.

Answered Sept. 7, 1971.

SENATE ORDER PROPOUNDING QUESTIONS

ANSWER OF THE JUSTICES

To the Honorable Senate of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answer to the questions propounded on June 17, 1971.

QUESTION NO. 1: Whether the methods of reapportionment contemplated by Reports "C" and "D" (Exhibits C and D hereto annexed), insofar as cities and towns, having a number of inhabitants greater than the unit base number computed according to the provisions of Article IV, Part 1, Section 3 of the Constitution of Maine, are combined therein with cities, towns, plantations and unorganized territory having inhabitants less than the unit base number so computed, into multi-member districts, is conformable to the provisions of Article IV, Part 1, Section 3 of the Constitution of Maine?

QUESTION NO. 2: Whether the method of reapportionment, contemplated by the provisions of Article IV, Part 1, Sections 2 and 3 of the Constitution of Maine, is conformable to the Equal Protection Clause of the 14th Amendment to the Constitution of the United States?

QUESTION NO. 3: Whether the proposed plan for reapportionment of the House of Representatives, S.P. 642, L.D. 1843, Report "A", hereto annexed as Exhibit "A", is consistent with the requirements of the Equal Protection Clause of the 14th Amendment to the Constitution of the United States?

QUESTION NO. 4: Whether the proposed plan for reapportionment of the House of Representatives, S.P. 643, L.D. 1846, Report "B", hereto annexed as Exhibit "B", is consistent with the requirements of the Equal Protection Clause of the 14th Amendment to the Constitution of the United States?

QUESTION NO. 5: Whether the proposed plan for reapportionment of the House of Representatives, S.P. 644, L.D. 1844, Report "C", hereto annexed as Exhibit "C", is consistent with the requirements of the Equal Protection Clause of the 14th Amendment to the Constitution of the United States?

QUESTION NO. 6: Whether the proposed plan for reapportionment of the House of Representatives, S.P. 645, L.D. 1842, Report "D", hereto annexed as Exhibit "D", is consistent with the requirements of the Equal Protection Clause of the 14th Amendment to the Constitution of the United States?

QUESTION NO. 7: Whether a proposed plan for reapportionment of the House of Representatives using the method of reapportionment contemplated by Senate Amendment "A" to S.P. 645, L.D.1842, which amendment is hereto annexed as Exhibit "E", would be conformable to the provisions of Article IV Part 1, Section 3 of the Constitution of Maine and consistent with the requirements of the Equal Protection Clause of the 14th Amendment to the Constitution of the United States?

ANSWER: Section 3 of Article VI of the Constitution of Maine mandates that:

"The Justices of the Supreme Judicial Court shall be obliged to give their opinion upon important questions of law, and upon solemn occasions, when required by the Governor, Senate or House of Representatives." [1]

This imposition of an obligation upon the Justices of the Court to provide opinions outside a context in which an actual controversy between parties is being decided requires them to exercise powers beyond those traditionally defined as "judicial."

For this reason when such opinions are given pursuant to the requirements of the Maine Constitution, they are the opinions only of each Justice as an individual.

In such opinions there is no decision to serve as binding precedent.

The rule of stare decisis does not apply to Justices' Constitutional Advisory Opinions. Fellows v. Eastman (1927), 126 Me. 147, 136 A. 810.

For the same reason, the jurisdiction of the Justices, and each of them, to give advisory opinions is limited by the very language of the Constitution itself to those instances in which there is an "important question(s) of law" and when there is a "solemn occasion(s)."

It is for each Justice of the Court from whom the opinion is sought to determine whether a solemn occasion exists.

"But it has been suggested, that it is not proper for the Justices to consider the question as to whether or not a solemn occasion existed when the important questions of law were submitted; that the House of Representatives, having pro-

1. Prior to 1964, the Constitution provided for the giving of opinions when required by the Governor, Council, Senate or the House of Representatives. By Amendment XCIV, the reference to the Council was deleted.

pounded the questions, must have determined that such an occasion did exist, and that its determination is to such an extent final and conclusive upon the Justices that it cannot be inquired into by us; that this preliminary question is a legislative and not a judicial one. We can not concur in this proposition, or with the arguments urged in its support. It is not supported, so far as we are aware, by any judicial opinion, while in a number of instances in this state and in Massachusetts and New Hampshire, under similar constitutional provisions, the Justices have first determined whether or not a solemn occasion existed, and have then answered or declined to answer in accordance with their determination of this preliminary question.

"The Justices are required to give their opinion in answer to important questions of law upon a certain condition: it would be improper, as we have seen, for them to give an opinion except upon that condition: it necessarily follows, we think, that the Justices must determine, each undoubtedly for himself, whether or not that condition existed, although in cases of doubt it may be the duty of the Justices to resolve that doubt in favor of the prerogative of the body propounding the question." Opinion of the Justices, 95 Me. 564 at 567. [51 A. 224 at 225]

Justices Wiswell, Strout, Savage, Fogler and Powers participated in the majority opinion. A contrary opinion was written by Justices Emery, Whitehouse and Peabody. These three answered the questions, because, they wrote:

"The language of the constitutional provision, Article VI, § 3, under which our opinion is required is explicit and mandatory. It leaves nothing to the discretion of the justices." (p. 572) [51 A. p. 227]

Thereafter in 1907, Mr. Justice Savage who had concurred in the majority opinion

reported in 95 Me. 564, 51 A. 224, reexamined the issue.

His conclusion was:

"I feel compelled to say that the opinion of the majority of the Justices in 95 Maine 564, [51 A. 224] and the reasons given therefor which I then subscribed, but which I need not repeat, seem to me to be sound and compelling, and that I cannot do otherwise than adhere to them."

Opinion of the Justices, 103 Me. 506 at 515. [69 A. 627, 631.]

The reasoning of the majority in 95 Me. 564, 51 A. 224, was never thereafter seriously challenged.

All the Justices concurring in the Opinion of the Justices in 147 Me. 410, 105 A. 2d 454 treated the issue as finally resolved. See also Opinion of the Attorney General, Report of the Attorney General 1961–1962 at 80.

The factual situation with which the Justices were confronted in Opinion of the Justices, 95 Me. 564, 51 A. 224, was remarkably similar to that here presented.

There, as here, the Order requesting the Justices' Opinion passed the House very shortly before its final adjournment.

There, as here, at the time the questions were received[2] the House of Representatives had no question before it for consideration or action.

The majority of the Justices of that Court observed:

"In fact, our opinion in answer to these questions could not even be submitted to the House." (p. 571) [51 A. p. 227]

They continued:

"It is not enough that an opinion rendered at this time might be useful for the guidance of some future House of Representatives, if the same question

---

2. When all the material on which the question was based was put into our hands, the Legislature had finally adjourned sine die.

should ever arise." (p. 571) [51 A. p. 227]

Even the possibility of a special session was raised and discussed, the Justices saying:

"It is true, that the Seventieth Legislature still exists, and it is within the range of possibilities that such an extraordinary occasion may arise as to require the Governor to convene the Legislature in extra session. But such a contingency is so extremely remote that it need hardly be taken into consideration. If it should occur, we should then undoubtedly feel it our duty to submit an opinion in answer to the questions in such season that it could be made use of by the House." (p. 571) [51 A. p. 227]

As recently as December 1969, we, the Justices of this Court, took occasion to quote from the Opinion of the Justices reported in 134 Me. 510, 513, 191 A. 487, 488, as follows:

"The matters with regard to which advisory opinions are proper are those of instant, not past nor future, concern; things of live gravity." Opinion of the Justices, Me., 260 A.2d 142 at 146.

We are bound to take judicial notice of the doings of the Legislative Department of our Government. Opinion of the Justices, 70 Me. 600 at 609.

We note that subsequent to the 17th day of June, 1971, when the Legislature voted to request the Opinion of the Justices, the Legislature referred the pending proposed legislation, which is the subject of the questions addressed to this Court, to the 106th Legislature and thereafter adjourned without day. It follows then, no action is required to be taken by the 105th Legislature.

There is nothing here of live gravity.

We regret we must decline to give the requested Opinion for, with all respect, it must be replied that "the case is not one in which the law allows the Opinions of the Justices to be given." Opinion of the Justices, 229 A.2d 829 at 831.

Respectfully submitted:
ARMAND A. DUFRESNE, Jr.
DONALD W. WEBBER
RANDOLPH A. WEATHERBEE
CHARLES A. POMEROY
SIDNEY W. WERNICK
JAMES P. ARCHIBALD