**OPINION OF THE JUSTICES of the Supreme Judicial Court given under the provisions of Section 3 of Article VI of the Constitution.**

Supreme Judicial Court of Maine.

Questions Propounded by the Governor in a Letter Dated May 16, 1975.

Answered May 29, 1975.

GOVERNOR'S LETTER PROPOUND-
ING QUESTIONS

LETTER PROPOUNDING
QUESTIONS

State of Maine

Office of the Governor

Augusta

May 16, 1975

To the Honorable Justices of the Supreme Judicial Court

Under and by virtue of the authority conferred upon me as Governor by the Constitution of Maine, Article VI, Section 3, and believing that this is a solemn occasion involving the constitutional rights, powers and duties of the Governor, Council, and Legislature,

I, James B. Longley, Governor of Maine, submit the following statement of facts and questions of law and respectfully ask the opinion of the Justices of the Supreme Judicial Court thereon:

### STATEMENT OF FACTS

Title 35 M.R.S.A. § 1 reads, inter alia, as follows:

"The Public Utilities Commission, as heretofore established, shall consist of 3 members appointed by the Governor, with the advice and consent of the Council, from time to time upon the expiration of the terms of the several members, for terms of 7 years and all 3 members of the commission shall devote full time to their duties."

A majority of the Executive Council has adopted as a prerequisite of Council approval of any gubernatorial nominee to the Public Utilities Commission that a prospective commission member be either an accountant, an economist, a lawyer, or have some knowledge of the "technological data that a Commissioner will encounter".

A vacancy presently exists on the Public Utilities Commission. The action of a majority of the Council in imposing such criteria for membership on the Public Utilities Commission alters the existing legislation and inhibits or prevents the Governor from taking affirmative action to fill the existing vacancy. Accordingly a solemn occasion exists.

Therefore, I, James B. Longley, Governor of Maine, respectfully request an answer to the following questions:

### QUESTIONS OF LAW

1. May the Executive Council require that a prospective member of the Public Utilities Commission be either an accountant, an economist, a lawyer, or a person who possesses some knowledge of the "technological data that a Commissioner will encounter"?

2. May the Executive Council require that the Governor fill the existing vacancy on the Public Utilities Commission by appointing either an accountant, an economist, a lawyer, or a person who possesses some knowledge of the "technological data that a Comissioner will encounter"?

Respectfully submitted,

(s) ——————————————

James B. Longley, Governor.

ANSWERS OF THE JUSTICES

To the Honorable James B. Longley, Governor of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on May 16, 1975.

QUESTION NO. I. May the Executive Council require that a prospective member of the Public Utilities Commission be either an accountant, an economist, a lawyer, or a person who possesses some knowledge of the "technological data that a Commissioner will encounter"?

QUESTION NO. II. May the Executive Council require that the Governor fill the existing vacancy on the Public Utilities Commission by appointing either an accountant, an economist, a lawyer, or a person who possesses some knowledge of the "technological data that a Commissioner will encounter"?

■ ANSWER: Article VI, Section 3 of the Constitution of Maine empowers the Justices of the Supreme Judicial Court to give opinions as to "important questions of law, and upon solemn occasions" when requested to do so by the Governor or by either branch of the Legislature. Our first duty upon receiving such a request for an opinion must be to determine whether the case is one in which the law allows the opinions of the Justices to be given. Opinion of the Justices, Me., 281 A.2d 321 at 322 (1971).

■ Assuming that the two questions before us raise "important questions of law," we cannot advise upon them unless they are also

"matters . . . of instant, not past nor future, concern; things of live gravity." Opinion of the Justices, Me., 260 A.2d 142 at 146 (1969).

In Opinion of the Justices, Me., 330 A.2d 912, 915 (1975), we said:

"Clearly, a 'solemn occasion' is absent when, in the discharge of the responsibility in ordinary course to nominate persons for appointments to public offices, 'a Governor becomes concerned with questions . . . [involving] legal aspects of the qualifications, or disqualifications, of one or more persons whom the Governor is merely considering for nomination. In such situations the . . . [prospect] of gubernatorial action is at a stage yet too tentative, hypothetical and abstract to have achieved the 'live gravity' necessary for the existence of a 'solemn occasion.' "

At that time we were responding to a question concerning the eligibility of a particular person to hold a particular office. In that instance, the individual had been nominated by the Governor, the matter of his confirmation had been tabled by the Executive Council pending resolution of "the question of incapatibility and conflict of interest" and the Governor had withdrawn that individual's nomination

"pending receipt of an Advisory Opinion from the Justices of the Supreme Judicial Court of Maine on the questions raised . . . ."

We construed those statements of fact to mean that that same individual would again be nominated for appointment to the same office if the Justices answered that he was eligible to hold that position. We said:

"[These special and unique circumstances in their entirety] . . . present us with an actual and live controversy . . . [surrounding action to be taken by the Governor] as focused directly and immediately upon . . . [one person's] renomination . . . to a public office [and] . . . constitute the 'solemn occasion' required by Article VI, Section 3, of the Constitution of Maine."

■ The distinction between that situation and the one presented by the present statement and questions is significant and

must control our authority to act. The Council's rejection of a *previous* nominee is not a matter of "live gravity" and is outside the proper scope of our comment. Although the Governor has a present duty to nominate for appointment to the vacant position on the Public Utilities Commission, no nomination of any particular person is pending and we are not told that a nomination of a particular person is contemplated.

Although the Governor asserts that the questioned statement of policy by a majority of the Executive Council "inhibits or prevents" his taking action to fill the vacancy, the fact remains that the Governor still has unlimited statutory authority to nominate the candidate of his choice to fill the vacancy. While it is understandable that he may be reluctant to nominate a person he believes would be rejected by the Council, the matter remains one of future and hypothetical concern until the Governor asserts his intention to nominate a person who does not meet the particular standards which the Governor understands the Council demands.[1]

We regret that we must decline to give the requested opinions as the situation is presently not one in which the law allows us to answer.

Dated at Portland, Maine, this twenty-ninth day of May, 1975.

Respectfully submitted:

ARMAND A. DUFRESNE, Jr.

RANDOLPH A. WEATHERBEE

CHARLES A. POMEROY

SIDNEY W. WERNICK

JAMES P. ARCHIBALD

THOMAS E. DELAHANTY

---

1. Subsequent to the submission of these questions by the Governor, the Council has asserted to us in its brief that its standards for qualification of this appointee are, in fact, less restrictive than would appear from the language of the questions. Regardless of whether this was the Council's original position, the Council's present disavowal of the precise policy of which the questions complain may well make the pending questions moot.