**OPINION OF the JUSTICES of the Supreme Judicial Court given under the Provisions of Section 3 of Article VI of the Constitution.**

Supreme Judicial Court of Maine.

Questions Propounded by the Senate in an Order Dated Dec. 6, 1978.

Answered Dec. 11, 1978.

## SENATE ORDER PROPOUNDING QUESTIONS

### STATE OF MAINE

### IN THE YEAR OF OUR LORD ONE THOUSAND NINE HUNDRED AND SEVENTY-EIGHT

WHEREAS, on December 5, 1978, Charles L. Cragin, a partner of Verrill & Dana, a law firm located in Portland, Maine, with offices elsewhere in the State, was nominated for Attorney General in a caucus of the Republican members of the Maine House of Representatives and Senate of the 109th Maine Legislature; and

WHEREAS, as a result of this nomination, Mr. Cragin's name will be submitted as a candidate for election to the office of the Attorney General of Maine by joint ballot of the Senators and Representatives in convention on January 3, 1979, pursuant to Article IX, Section 11 of the Constitution of the State of Maine; and

WHEREAS, Mr. Cragin has stated that he cannot accept election to this high office unless the inapplicability of Title 5, section 15, subsection 2, of the Maine Revised Statutes Annotated to the remaining partners of Verrill & Dana, after his resignation and withdrawal from the partnership in the event of election, is clarified; and

WHEREAS, the Senate is advised that Verrill & Dana is engaged in the general practice of law throughout the State; its partners and associates appear in all courts in the State representing individuals, partnerships, joint ventures, corporations, and other legal entities; it also from time to time represents public agencies such as the Maine Health Facilities Authority; and in the course of its practice it may also advise, represent and appear for its clients in civil and criminal matters before virtually all state officers, state departments and state boards and commissions; and

WHEREAS, Mr. Cragin has advised the Senate that, if elected: he will immediately resign and withdraw from the partnership and will not participate in, and will disqualify himself, as Attorney General, with respect to any official proceeding in connection with which he or his former partners and associates had, at the time of his election, any responsibilities as lawyers in private practice which are directly within his official responsibilities as Attorney General and in which the State is a party or in which the State has a direct and substantial interest; and both he and his former partners will, of course, abide by the Code of Professional Responsibility adopted by the American Bar Association, as from time to time amended, and the provisions of any rules, regulations or standards governing the professional conduct of attorneys contained in any "Maine Code of Professional Responsibility" promulgated by your honorable Court in response to its order establishing a Select Commission on Professional Responsibility, dated January 17, 1978, as supplemented by an order entered April 5, 1978; and

WHEREAS, if Title 5, section 15, subsection 2, of the Maine Revised Statutes Annotated (erroneously entitled "Partner of former executive employee.") has the consequence of making it a crime for any former partner of a constitutional officer of this State to continue to practice his or her profession in a manner consistent with all relevant ethical standards applicable to his or her professional conduct, at least two very serious consequences of great concern to the citizens of Maine would result:

A. Where relations among the partners are amicable, the pool of potential candidates for constitutional offices would be substantially reduced, thus depriving Maine of some of its most qualified citizens as public servants; and

B. Where the relations among the partners are hostile, the election to constitutional office of a partner could deprive his or her former partners of their ability to earn a livelihood in the practice of the profession in which they are trained, qualified and experienced, without any act, consent or forebearance on their part; and

WHEREAS, it appears to the members of the Senate of the 108th Maine Legislature that the following are important questions of law; that the occasion is a solemn one; and that the opinions requested hereby are designed to aid the members of the Senate who will also be members of the 109th Maine Legislature in the exercise of their constitutional responsibility pursuant to Article IX, Section 11, of the Constitution of the State of Maine to participate in the selection and election of the Attorney General; now, therefore, be it

ORDERED, that in accordance with and by virtue of the provisions of Article VI, Section 3, of the Constitution of the State of Maine, the Justices of the Supreme Judicial Court are hereby respectfully requested to give to the Senate their opinions on the following questions, to wit:

I.

Is a constitutional officer elected by the people or the Legislature and subject to removal by impeachment, for misdemeanor in office or on the address of both branches of the Legislature, pursuant to Article IX, Section 5, of the Constitution of the State of Maine, a person who is currently "a member of the classified or unclassified service employed by an executive agency" within the meaning of Title 5, section 15, subsection 2, of the Maine Revised Statutes Annotated?

## II.

If the answer to question I is in the affirmative, is it a crime for a former partner of the Attorney General (or any other constitutional officer), within one year after the Attorney General has withdrawn from the partnership, to act "as an agent or attorney for anyone other than the State in connection with any official proceeding in which:

A. The State is a party or has a direct and substantial interest;" and

B. The subject matter at issue is directly within the official responsibility of the Attorney General;

if the Attorney General disqualifies himself from participating in any way in any official proceeding which was the subject of his professional responsibility as a private lawyer; from participating in any such official proceeding in which his former partners act as agents or attorneys; and from participating in any official proceeding in which he has any economic interest whatsoever, except as a general citizen?

## III.

If the answers to questions I and II are in the affirmative, would conduct of former partners of the Attorney General (or other constitutional officers) proscribed by Title 5, section 15, subsection 2, of the Maine Revised Statutes Annotated constitute crimes if performed by associates or employees of former partners of the Attorney General?

## IV.

Does Title 5, section 15, subsection 2, of the Maine Revised Statutes Annotated apply to attorneys who are employees of professional associations or professional corporations which are organized pursuant to the "Professional Service Corporation Act" (Title 13, chapter 22 of the Maine Revised Statutes Annotated)?

## V.

Is Title 5, section 15, subsection 2, of the Maine Revised Statutes Annotated unconstitutional as applied to lawyers in violation of the separation of powers' provisions of Article III, Sections 1 and 2, of the Constitution of the State of Maine, especially if your honorable Court, in discharging its responsibilities of supervising the bar, promulgates by rule a Maine Code of Professional Responsibility governing the conduct of lawyers, lawyers in the public service, and former partners and associates (in a partnership or professional association or corporation) and employees of lawyers in the public service?

IN SENATE CHAMBER

December 6, 1978

Read and Passed

MAY M. ROSS,

Secretary

## ANSWER OF THE JUSTICES

To the Honorable Senate of the State of Maine:

In compliance with the provisions of Article VI, Section 3 of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, respectfully submit the following reply to the questions propounded to us by the Honorable Senate on December 6, 1978, which were received by us on December 7, 1978.

The authority of the Justices of the Supreme Judicial Court to give their opinions outside the context in which an actual controversy between the parties is being decided, is carefully circumscribed by express limitations of Article VI, Section 3 of the Constitution of Maine. The question submitted must be an "important [question] of law" and upon a "solemn [occasion]."

What is a "solemn occasion" has been described in numerous opinions of the Justices. *See Opinion of the Justices,* 95 Me. 564, 51 A. 224 (1901); *Opinion of the Justices,* Me., 281 A.2d 321 (1971). The parameters of the Justices' obligation to give advisory opinions is usually described not by general definition encompassing all possible exigencies, but by the negative process of listing those situations that do not constitute a "solemn occasion."

 It is clearly established through numerous precedents that the Justices have no power to render advisory opinions on a matter which is not of "live gravity." That is to say, they cannot express their opinion, however important may be the question of law, upon what may hereafter become a "solemn occasion." There must be an occasion for the requesting body, *i. e.,* Governor, House of Representatives, or Senate, to act *now.* The matter must be of *instant,* not past or future, concern; a thing of "live gravity." *Opinion of the Justices,* 134 Me. 510, 513, 191 A. 487, 488 (1936).

 In this case the Senate of the *108th* Legislature has asked for an advisory opinion concerning the effect of 5 M.R.S.A. § 15 B(2) on the former law partners of Charles L. Cragin, Esq., should the *109th* Legislature choose him to be Attorney General of the State of Maine and should he resign from the law firm of which he is a present member and elect to become Attorney General.

The statement of facts recites that Charles L. Cragin, Esq., has been nominated as Attorney General by the caucus of Republican members of the Maine House of Representatives and Senate in the 109th Legislature. Although the number of votes cast for candidates to the House of Representatives and the Senate of the 109th Legislature at the most recent election have been received, sorted, counted, declared, and recorded by the clerks of the various cities and towns, Me.Const. art. IV, pt. 1, § 5; art. IV, pt. 2, § 3, and thereupon forwarded to the Secretary of State, *id.,* for examination by the Governor, Me.Const. art. IV, pt. 1, § 5; art. IV, pt. 2, § 4, neither house of the Legislature has finally determined who has been elected, nor can such task be undertaken until the first Wednesday after the first Tuesday of January. Me.Const. art. IV, pt. 1, § 5; art. IV, pt. 2, § 5. It is only *after* the respective houses of the Legislature have finally determined their numbers, that it becomes the duty of those elected to choose an Attorney General. Me.Const. art. IX, § 11.

There is nothing which can or must be done by the *108th* Legislature with respect to the obligations of the *109th* Legislature. Consequently, the Senate's request for an advisory opinion submitted to us under date of December 6, 1978, lacks the "live gravity" necessary to allow us to answer. We therefore respectfully decline to answer the questions submitted because we have no power to do so.

Dated: December 11, 1978.

VINCENT L. McKUSICK
CHARLES A. POMEROY
SIDNEY W. WERNICK
JAMES P. ARCHIBALD
THOMAS E. DELAHANTY
EDWARD S. GODFREY
DAVID A. NICHOLS